UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYRNA GUITY DAVIS | * | CIVIL ACTION NO.:  2:20-cv-2452 |
| *Plaintiff* | | |
| | * | JUDGE: |
| VERSUS | | |
| | * | MAG. |
| STARBUCKS CORPORATION | | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   Clerk of Court
      United States District Court
      Eastern District of Louisiana
      500 Poydras Street, Room C-151
      New Orleans, Louisiana 70130

Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks Corporation") respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and as cause therefore shows as follows:

## I.  BACKGROUND

1.

This action was originally commenced by Plaintiff, Myrna Guity Davis, on July 21, 2020 through the filing of a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Myrna Guity Davis v. Starbucks Corporation*, bearing case number 2020-6062, Section I-14.[1]

2.

In his Petition for Damages, Plaintiff named Starbucks Corporation as the defendant.

---

[1] *See generally* Exhibit A, Copies of All Process, Pleadings, and Orders contained in the record of the Clerk of the Court, Civil District Court for the Parish of Orleans.

3.

Plaintiff's Petition for Damages was filed on July 21, 2020. Defendant, Starbucks Corporation first received a copy of the Petition for Damages on August 13, 2020, which is the first time any defendant received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4.

This removal is effected and has been timely filed within thirty (30) days of any removing Defendant receiving a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

5.

No other Defendants are named that would require joining in the removal of this action therefore satisfying the requirements of 28 U.S.C. § 1446(b)(2)(A).

6.

The United States District Court for the Eastern District of Louisiana is the Court embracing the place where this action is pending in state court.[2]

7.

This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. §1441; and 28 U.S.C. §1446.

8.

Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit "A," are all process, pleadings, and Orders contained in the record of the Clerk of the Court, Civil District Court, Orleans Parish.

---

[2] *See* 28 U.S.C. § 98(a).

## I. DIVERSITY OF CITIZENSHIP JURISDICTION

9.

This action is properly removed to this Court pursuant to 28 U.S.C. §1332 and §1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.

Upon information and belief, at the time of the filing of the Petition for Damages and at all times thereafter, Plaintiff was and is an individual domiciled in and a citizen of the State of Louisiana.

11.

Plaintiff states that Starbucks Corporation is a "licensed entity" authorized to do business in the State of Louisiana.[3] At the time of the filing of the Petition for Damages and at all times thereafter, Starbucks Corporation was and is incorporated under the laws of the State of Washington.[4]

12.

Based on the foregoing, there is complete diversity of citizenship of the parties, inasmuch as Plaintiff is a citizen of the State of Louisiana and the Defendant is a citizen of states other than Louisiana.

---

[3] *See* Exhibit A, Plaintiff's Petition for Damages, para. 1.
[4] *See* Exhibit B, Washington Secretary of State's website indicating that Starbucks Corporation is incorporated under the laws of the State of Washington and has its principal place of business in Washington.

## II.  AMOUNT IN CONTROVERSY

13.

Plaintiff's Petition for Damages alleges that, as a result of the negligence of Starbucks Corporation, Plaintiff is entitled to damages medical expenses, physical pain and suffering and aggravation of preexisting conditions, loss of function, mental anguish, special care and services, loss of enjoyment of life and permanent or partial disability.[5] Plaintiff further prays for a trial by jury.

14.

In a delictual action such as this, the Louisiana Rules of Civil Procedure prohibit a plaintiff from including any "specific monetary amount of damages" in an original Petition "except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."[6]  Here, Plaintiff failed to provide any such general allegation to establish the lack of this Court's jurisdiction in their Petition for Damages. Under such circumstances, there is a presumption in favor of finding that the amount in controversy exceeds the amount necessary for federal jurisdiction.[7]  Moreover, it is facially apparent that Plaintiff's claims seeking recovery in tort for the damages described in the preceding paragraph are well in excess of $75,000.00.

15.

Thus, it is apparent from the face of the Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[5] *See* Exhibit A, Plaintiff's Petition for Damages, para. 11.
[6] La. Code Civ. Proc. art 893(A)(1).
[7] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### III. Jury Demand

16.

Defendant hereby prays for a trial by jury on all issues raised in Plaintiff's Petition for Damages.

### IV. Conclusion

17.

This civil action is one in which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

18.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff's counsel are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the parish of Orleans.

19.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

20.

By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections to Plaintiff's Petition for Damages.

WHEREFORE, Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company, respectfully requests that this Court assume full jurisdiction over this matter as provided by law because all properly joined parties are completely diverse and the requisite jurisdictional amount in controversy has been met.

Respectfully submitted:

*/s/ Morgan A. Druhan*
RACHEL G. WEBRE (26907)
MORGAN A. DRUHAN (37102)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: rwebre@glllaw.com
          mdruhan@glllaw.com
*Attorneys for Starbucks Corporation d/b/a Starbucks Coffee Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon:

Hollis Shepherd
2221 Saint Claude Avenue
New Orleans, LA 70119

by electronic mail this 9th day of September, 2020.

*/s/ Morgan A. Druhan*
MORGAN A. DRUHAN