UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MYRNA GUITY DAVIS**<br>   Plaintiff | \*   CIVIL ACTION NO: 2:20-CV-2452 "H" (1) |
| **VERSUS** | \* |
| | \*   JUDGE JANE TRICHE MILAZZO |
| **STARBUCKS CORPORATION**<br>   Defendant | \* |
| | \*   MAG. JANIS VAN MEERVELD |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

**AMENDED COMPLAINT**

**NOW INTO COURT** comes **MYRNA GUITY DAVIS**, a person who is the full age of majority and a resident of Louisiana, who respectfully avers the following:

1.

Made defendants in these proceedings are the following:

A.) **STARBUCKS CORPORATION,** (Starbucks) a licensed entity that is licensed to conduct business in Louisiana. Additionally, based on information and belief, STARBUCKS does conduct business in Orleans Parish.

2.

Orleans Parish is the proper venue for these proceedings because the incident giving cause to this claim and cause of action occurred in Orleans Parish. This court has jurisdiction over these proceedings pursuant to 28 U. S. C. A § 1332.

1

3.

The above named defendant is justly, truly and legally indebted unto petitioner, jointly and severally, for a sum that is reasonable in the premise, which includes legal interest from the date of judicial demand and all costs of these proceedings for the following reasons, to wit:

4.

That, on July 22, 2019, petitioner, Myrna Guity Davis, was an invitee (customer) on the premises of the Starbucks Corporation Store (Starbucks) located at 3400 Holiday Drive, New Orleans, La. 70114.  While at the store location, petitioner and a companion decided to sit in the lobby area of the store until they decided to leave.

5.

As petitioner was exiting the store, she lost her footing and slipped on one of steps closest to the ground level, due the presence of a liquid substance that had accumulated on the step. The fall caused petitioner to experience pain in her neck, back and shoulder.   Petitioner was helped up from the ground and later learned from an eyewitness that management had been informed in the past about the steps and the slippery condition.

6.

Petitioner avers Starbucks, as a merchant, had a duty to keep its aisles, passageways, and floors in a reasonably safe condition, but it failed to do so.

7.

Petitioner further avers Starbucks had constructive notice of the hazardous condition of the steps where the liquid accumulated due to prior complaints or notices in the past, but it failed to keep its premises free of any hazardous condition and failed to keep it passage ways reasonably safe.

8.

Petitioner further avers the surface of defendant's outside entrance and exit steps was inherently dangerous where water accumulated. Petitioner avers defendant knew or should have known of the potential for harm (slippery nature of the steps) to its customers, but it failed to cure the hazardous condition or warn its patrons of the hazardous condition.

9.

Petitioner avers the above described incidents, conditions and resulting injuries were solely and proximately caused by the negligence of the defendant in the following non-exclusive particulars, to wit:

1. Having actual and/or constructive knowledge of a hazardous condition on and in its premises and failing to keeps it premises reasonably safe for it customers;
2. Failing to adequately warn customers and patrons of the hazardous condition of the steps;
3. Improper placement of warning signs;
4. Failing to exercise reasonable care under the circumstances;
5. Failing to keep the passageway, entrances, exits and premises in a reasonably safe condition;
6. Other acts of negligence which will be proved at the time of trial;

10.

Petitioner alleges the following general and specific damages for which she is entitled to recover in an amount calculated to adequately compensate her for the injuries and damages she sustained:.

1. Past, present and future Medical expenses;

2. Past, present and future physical pain and suffering, including aggravation of preexisting conditions;
3. Loss of function;
4. Past, present and future mental anguish and emotional distress;
5. Special care and services;
6. Loss of enjoyment of life;
7. Permanent and/or partial disability

11.

Petitioner avers amicable demand to no avail.

**WHEREFORE**, petitioner prays that defendant is served with a copy of this petition and made to appear and answer same; and after all legal delays and due proceedings are had, a judgment is issued herein in favor of the petitioner and against defendant for a full and true sum calculated to compensate petitioner for the damages complained of herein with legal interest thereon from the date of judicial demand until paid. Petitioner further requests she is awarded all costs of these proceedings and further granted all general and equitable relief and a trial by jury.

**RESPECTFULLY SUBMITTED:**
   /s/ Hollis Shepherd
Hollis Shepherd (LBN: 25501)
2221 Saint Claude Avenue
New Orleans, LA 70119
504-975-1210
504-648-1417