**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MYRNA GUITY DAVIS**                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 20-2452**

**STARBUCKS CORPORATION**                **SECTION: H(1)**

## ORDER AND REASONS

Before the Court is Defendant Starbucks Corporation's Motion for Summary Judgment (Doc. 22). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This case arises out of a slip and fall incident. On July 22, 2019, Plaintiff Myrna Davis and her friend visited a Starbucks store in New Orleans, Louisiana. As Plaintiff was exiting the store, she allegedly slipped on one of the steps in front due to a "liquid substance that had accumulated on the step."[1]

---

[1] Doc. 14, ¶ 5.

Plaintiff claims the fall caused her pain in her neck, back, and shoulder; she filed suit against Defendant Starbucks Corporation in Civil District Court for the Parish of Orleans on July 21, 2020.[2] Plaintiff alleged that the front steps were an inherently dangerous condition and that Defendant was aware of the condition yet failed to exercise reasonable care in response.

Defendant removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Now before the Court is Defendant's Motion for Summary Judgment.[3] Plaintiff filed no opposition to this Motion.

## <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[2] *See* Doc. 1-1.
[3] Doc. 22.
[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## <u>LAW AND ANALYSIS</u>

Defendant moves for summary judgment on the grounds that Plaintiff cannot satisfy all of the elements of her claim under the Louisiana Merchant Liability Statute, Louisiana Revised Statutes § 9:2800.6. That statute provides a negligence cause of action to individuals who suffer injury from a fall because

---

[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

of an unsafe condition on a merchant's premises.[12] Subsection B sets out the following elements for such a cause of action:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[13]

Defendant argues that Plaintiff cannot raise a genuine issue as to these elements. Having filed no opposition, Plaintiff provides no response to this argument. However, "[a] motion for summary judgment cannot be granted simply because there is no opposition."[14] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[15]

Here, the Court finds that Defendant has carried its burden. Defendant correctly notes that Plaintiff's only proof of the store's actual or constructive notice of the dangerous condition is an unsupported allegation in her Amended

---

[12] Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 744–45 (5th Cir. 2017) (citing LA. REV. STAT. § 9:2800.6).

[13] LA. REV. STAT. § 9:2800.6(B).

[14] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[15] *Hibernia Nat. Bank*, 776 F.2d at 1279.

Complaint that eyewitnesses told Plaintiff that management had been warned about the steps in the past. This allegation alone is not enough to create a genuine dispute.

Because Defendant identified an absence of evidence in the record, the burden shifts to Plaintiff to demonstrate a genuine issue of material fact.[16] Plaintiff has not carried this burden. Accordingly, the Court grants summary judgment to Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 22) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 14th day of December, 2021

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] *See Celotex*, 477 U.S. at 322.